UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gary Reed and Tom Vevea, as Trustees of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund, James Brady and Keith Kramer, as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed, as Trustee of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | Case No: 12-CV-1141 (SRN/JJK) |

Plaintiffs,

v.

Atlas Abatement and Contracting, LLC,

Defendant.

**ORDER FOR
<u>ENTRY OF JUDGMENT</u>**

---

This matter was heard before the undersigned on September 21, 2012.  Christy

E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on

behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

1

**FINDINGS OF FACT**

1.      The Summons and Complaint were filed with the Court on May 10, 2012.

2.      The Summons and Complaint were served on the Norman Jarrett, as authorized agent for the Defendant Atlas Abatement & Contracting, LLC ("Atlas Abatement"), on May 21, 2012.

3.      Atlas Abatement failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law and specified in the Summons for Atlas Abatement to answer the Complaint lapsed on June 11, 2012.

4.      The Clerk entered default on June 12, 2012.

5.      Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

6.      The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

7.      The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

8.      The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

2

9.     Atlas Abatement accepted and agreed to be bound to a Collective Bargaining Agreement between the Minnesota Environmental Contractors Association and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions covering the period of January 1, 2011 through December 31, 2013.

10.     The Collective Bargaining Agreement requires Atlas Abatement to submit contributions to pension, health and welfare, vacation, training/apprenticeship funds in an amount per hour specified in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11.     The Collective Bargaining Agreement requires that Atlas Abatement set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly payment.

12.     The Collective Bargaining Agreement requires that Atlas Abatement submit the remittance report and payment to the Funds by the fifteenth day of the following month for which the contributions are due.  Any employer whose remittance reports and contributions are not postmarked on or before the fifteenth are considered delinquent.

13.     Atlas Abatement breached the terms of the Collective Bargaining Agreement by failing to submit the remittance reports and contributions for the period of May 2011 through April 2012.

14.     Pursuant to the remittance reports untimely submitted by Atlas Abatement, $27,369.40 is due and owing for delinquent contributions for the period of May 2011 through April 2012.

15.     The Collective Bargaining Agreement provides that if contributions are not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

16.     Liquidated damages in the amount of $2,736.94 are due and owing to the Funds for delinquent contributions for the period of May 2011 through April 2012.

17.     The Collective Bargaining Agreement further provides that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds.

18.     The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $1,485.10.  These attorneys' fees and costs are reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

19.     The total amount due and owing to the Funds for the period of May 2011 through April 2012 for delinquent contributions, liquidated damages, and attorneys' fees and costs is $31,591.44.

20.     Plaintiffs served notice of the original hearing date for the instant motion, along with the corresponding motion, memorandum and supporting documents, on July 2, 2012, via United States Mail.  (Certif. of Service [Doc. No. 13].)   While the Amended Notice of Hearing was filed on August 29, 2012 [Doc. No. 15], changing the hearing date from September 21, 2012 to September 26, 2012, Plaintiffs do not appear to have filed a Certificate of Service in connection with the Amended Notice.  In any event, counsel for Plaintiffs attests that she and her clients have received no communication or

4

contact from Defendant.  Defendant did not appear at the hearing, nor did Defendant appear on the originally-scheduled hearing date.

## CONCLUSIONS OF LAW

1.      Atlas Abatement is in default and the Funds are entitled to entry of judgment.

2.      Atlas Abatement is liable to the Funds in the amount of $27,369.40 for delinquent fringe benefit contributions for the period of May 2011 through April 2012.

3.      Atlas Abatement is liable to the Funds in the amount of $2,736.94 for liquidated damages relating to the period of May 2011 through April 2012.

4.      Atlas Abatement is liable to the Funds in the amount of $1,485.10 for attorneys' fees and costs.

## ORDER

**IT IS ORDERED:**

1.      That Plaintiffs' Motion for Entry of a Default Money Judgment [Doc. No. 8] is granted.

2.      That judgment in the amount of $31,591.44 be entered against Atlas Abatement & Contracting, LLC and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 26, 2012                    BY THE COURT:


                                             s/Susan Richard Nelson
                                             Susan Richard Nelson
                                             United States District Court Judge